DEREK ALLEN & others vs. SCHOOL COMMITTEE OF BOSTON.

Suffolk. February 4, 1987. — June 4, 1987.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

Contempt. Damages, Contempt.

In an action on behalf of special needs students in the Boston public schools to obtain reliable and substantially uninterrupted transportation to and from school in which a finding of civil contempt was entered against the city's school committee for failing to comply with orders designed to prevent disruption during a strike by school bus drivers, there was sufficient evidence to warrant the judge's findings that the school committee had clearly and undoubtedly disobeyed the judge's clear and unequivocal orders, and that the committee had not carried its burden of demonstrating that compliance was impossible. [194-195]

In a civil action culminating in a finding of contempt being entered against the school committee of Boston for failing to comply with a judge's orders designed to prevent disruption in the education of special needs students in the Boston public schools during a strike by school bus drivers, the judge's award of $20 a student for each day of instruction missed, based on his finding that it cost the school committee $20 a day to educate each of these students, was not clearly erroneous. [195]

CIVIL ACTION commenced in the Superior Court on June 10, 1976. A finding of contempt was entered on March 5, 1986, by Thomas R. Morse, Jr., J.

The Supreme Judicial Court granted requests for direct appellate review.

Marien E. Evans, Special Assistant Corporation Counsel, for the defendant.

Thomas A. Mela (Jane S. Schacter with him) for the plaintiffs.

LIACOS, J. This appeal is here pursuant to the applications of both parties for direct appellate review. The defendant school committee of the city of Boston (school committee) seeks reversal of a judgment of civil contempt entered by a judge of

the Superior Court on March 5, 1986. It also seeks relief from the judge's order that it compensate the plaintiffs, who are parents and guardians of "special needs" students resident in Boston, for out-of-pocket expenses, legal costs, and lost days of school which resulted from a twelve-day strike by school bus drivers in January, 1986. See *Allen* v. *School Comm. of Boston*, 396 Mass. 582 (1986) (relating some background of strike by bus drivers). We affirm.

The case comes to us on an agreed record and a summary of proceedings pursuant to Mass. R. A. P. 8 (c), as appearing in 378 Mass. 933 (1979). There is no transcript. The judge's findings of fact will not be disturbed on appeal unless clearly erroneous. *Manchester* v. *Department of Envtl. Quality Eng'g*, 381 Mass. 208, 213 (1980).

Civil contempt is found where there is clear and undoubted disobedience of a clear and unequivocal command. *Manchester, supra* at 212. In 1976, a consent decree and supplemental consent decree defined the obligations of the school committee to provide services to children within the purview of St. 1972, c. 766. Various orders of implementation have been issued since that time. In 1980, the judge, pursuant to a stipulation, commanded the school committee to provide special needs students "reliable, timely, and substantially uninterrupted transportation." Prior to 1986, the school committee had been adjudicated in contempt as to transportation orders on three occasions. Orders in 1980 and 1981 did not dilute the clarity of the 1980 command, and the school committee had no reasonable basis for doubting that the judge had ordered the school committee to prevent the kind of disruption which inevitably would result during a strike by bus drivers. Nor can it be argued that there was substantial compliance where the judge found that 3,737 students missed at least one day, and 1,550 students missed twelve days of school due to the strike. Because no showing of wilfulness was required, *United Factory Outlet, Inc.* v. *Jay's Stores, Inc.*, 361 Mass. 35, 36-37 (1972), the judge did not err in finding clear and undoubted disobedience.

Nor did the judge err in deciding implicitly that the school committee had not carried its burden of demonstrating that

compliance was impossible. See *Fortin* v. *Commissioner of the Mass. Dep't of Pub. Welfare*, 692 F.2d 790, 796 (1st Cir. 1982). The defense of impossibility is unavailing where an alleged contemnor is responsible for its inability to comply. *United States* v. *Asay*, 614 F.2d 655, 660 (9th Cir. 1980). The judge's factual findings warrant a conclusion that any impossibility of compliance was induced substantially by the school committee's abdication, when it signed management contracts with transport vendors rather than hiring drivers directly, of whatever protections the law might provide. See G. L. c. 150E, § 9A (*a*) (1984 ed.); *Allen* v. *School Comm. of Boston, supra.*

The judge's award of $20 a student for each day of school missed was proper.[1] In these circumstances, compensatory fines are permissible, *Manchester, supra* at 215; such awards are similar to damages in tort, *Lyon* v. *Bloomfield*, 355 Mass. 738, 744 (1969); and they are measured only "in some degree" by the pecuniary harm caused by the contemptuous act. *Department of Pub. Health* v. *Cumberland Cattle Co.*, 361 Mass. 817, 832 (1972). Because the judge found that it cost the school committee $20 a day to educate each of these students, he was not clearly erroneous in awarding a like sum to compensate the students for lost days. See *Darmetko* v. *Boston Hous. Auth.*, 378 Mass. 758, 763 n.7 (1979).

*Judgment affirmed.*

---

[1] We do not understand the school committee to dispute the propriety, assuming contempt was validly found, of the judge's awards of out-of-pocket expenses or attorneys' fees. In any event, both kinds of awards are clearly proper as remedies for civil contempt. See *Manchester, supra* at 215.