Leona M. MAXWELL, Guardian of the Estate of Arthur W. Maxwell, Plaintiff–Appellant,

v.

George T. MAXWELL, Defendant–Respondent.

No. 15971.

Missouri Court of Appeals, Southern District, Division One.

Aug. 24, 1989.

Marc P. Weinberg, St. Louis, for plaintiff-appellant.

No appearance, for defendant-respondent.

GREENE, Judge.

Leona Maxwell, guardian of the estate of Arthur W. Maxwell, incompetent, appeals from an order entered by the Circuit Court of Iron County, Missouri, which taxed costs against her, and denied her request for attorney's fees she claimed were due her by reason of her being forced to resort to the courts in an effort to get defendant, George T. Maxwell, to comply with the terms of a settlement agreement into which the parties had entered.

The settlement agreement provided that if a party had to retain an attorney to enforce the provisions of the settlement

agreement in a court of law, and prevailed in that action, the offending party must pay the attorney's fees and costs in the litigation. Leona contends that since she prevailed in such an action, she was entitled to recover. We agree, and reverse and remand.

A brief background of the facts leading up to the order in question is as follows. In 1948, Alice E. Maxwell deeded approximately 745.4 acres of land in Iron County to two of her children, Arthur W. Maxwell and George T. Maxwell, reserving a life estate for herself. Alice died in 1972. In 1979, the United States Government acquired approximately 320 acres of the land by condemnation, leaving a tract of 425.4 acres for Arthur and George. Arthur became incompetent in 1982, and Leona, Arthur's wife and daughter-in-law of Alice, was appointed by the probate court as the guardian of his estate. Leona then filed suit in the Circuit Court of Iron County to partition the land, naming George as the only defendant. After hearing evidence, the trial court decreed that Arthur and George each owned an undivided half interest in the 425.4 acres, found the land could not be equitably partitioned in kind, ordered it sold and, after the costs of the sale and attorney's fees had been paid, the balance of the proceeds of the sale be paid to Arthur's estate and to George in equal parts.

George appealed from the order of partition, which appeal was lodged in this court. While the appeal was pending, George, Leona, and seven other children and/or heirs of Alice Maxwell who had a judgment against the estate of Arthur Maxwell entered by the Probate Court of the City of St. Louis, which judgment Arthur's estate had appealed to the Missouri Court of Appeals, Eastern District, entered into a settlement agreement regarding disposition of the land that was the subject matter of the Iron County partition suit. Among the parties signing the agreement were George T. Maxwell and Robert Martin. The record indicates that Robert Martin was probably the husband of Lonnie Martin, who was a daughter of Alice. It is not necessary to go into all of the details of the settlement agreement. It suffices to say that it provided for apportionment of the real estate in question to the various heirs and claimants, provided that all of the parties to the agreement execute deeds and related documents to effect the property transfers in question, and provided that the appeals in the two lawsuits and their underlying causes of action be dismissed. The agreement also stated that the partition suit case lodged here be remanded to the Circuit Court of Iron County for approval of the settlement agreement and dismissal of the partition suit.

Pursuant to the agreement, George, who was the appellant in the appeal lodged here, moved this court to remand the cause to the circuit court, which was done, and the appeal was dismissed. The circuit court approved the settlement agreement, and incorporated it into its order resolving the partition suit. All of the parties to the settlement agreement, who had agreed to execute all deeds and other documents necessary to secure compliance with the agreement, did so, except for George T. Maxwell and Robert H. Martin, who either failed or refused to execute the documents in question. Leona then filed a motion in the circuit court to compel George and Robert to sign the documents in question, or to show cause why they should not be held in contempt of court for failure to do so. She also requested that the trial court award her reasonable attorney's fees at the rate of $75 per hour for legal work done in attempting to force George and Robert to execute the documents in question, and that the cost of such proceedings be taxed against the non-signers.

George entered his appearance in the matter through his attorney, who filed pleadings in George's behalf. Robert had not been served at that time. The trial court ordered George to show cause why he should not be held in contempt of court for refusing to sign the documents in question. George appeared before the trial court on the date designated, and, after being told that he would be jailed if he refused to comply, signed the documents in question. The trial court then entered the

following order: "The Court finds that by execution of the deeds George T. Maxwell has purged himself of any possible contempt. The balance of the motion (Leona's prayer for attorney's fees and costs) is hereby denied, costs taxed to the Movant, Ms. Leona M. Maxwell." (Parenthetical explanation ours.)

Later, after Martin was served with process, he was ordered to appear and show cause why he should not be held in contempt for failure to sign the documents. When Martin failed to appear on the day specified in the order, the trial court, after hearing evidence, ordered the Sheriff of Iron County to execute the documents in question as the court appointed agent of Martin, awarded Leona $2,385 attorney's fees to be assessed against Martin, as were the court costs, and denied a renewed request by Leona that the attorney's fees and costs be also assessed against George. This appeal followed.

In her sole point relied on, Leona states:

The lower Court erred in taxing costs against Appellant and in denying her request for Attorney's Fees sought in her Motion to Enforce Settlement Agreement or For Order to Show Cause, in that the underlying settlement agreement provided for the same if a party had to retain an attorney to enforce its provisions in a court of law and prevailed, which she did.

The portions of the settlement agreement that are pertinent to this appeal are paragraphs 22 and 25. They read as follows:

22. All parties, their heirs, administrators, executors, successors and assigns, hereby unconditionally agree to execute all pleadings, memoranda, deeds, and other documents necessary to effectuate the intent, covenants, promises and provisions contained in this Agreement. Said documents shall be held in escrow by Michael McDowell until all required documents have been received. Documents requiring execution to effectuate said Agreement include, but are not limited to, the following:

(1) Quit–Claim Deeds;

(2) Removal of lis pendens;

(3) Dismissal memoranda

(4) Conveyance and Grants of Easements.

25. It is agreed by and among the parties hereto that if any party to this Agreement is required to hire an attorney to enforce its provisions in a court of law and prevails in such action, said prevailing party shall be entitled to his attorney's fees at a reasonable rate not less than $75.00 an hour as additional costs in the litigation.

George T. Maxwell did not comply with the provisions of paragraph 22 of the agreement until forced to do so by the trial court under the threat that he would be found in contempt of court for not executing the documents he had agreed to execute. The trial court's action in forcing the execution of the documents had its genesis in the motion seeking specific performance of the agreement filed by Leona's attorney, which motion also sought a contempt order if George failed to comply.

■■■ A valid compromise and settlement assented to by all the parties in interest is ordinarily final, and as binding on them as any other contract, and is as binding as if its terms were embodied in a judgment. *Wenneker v. Frager*, 448 S.W.2d 932, 935 (Mo.App.1969). An agreement to settle a pending lawsuit may be enforced by motion. *Landmark Bk. v. First Nat. Bk. in Madison*, 738 S.W.2d 922, 923 (Mo.App.1987).

■■ The court order here directing George T. Maxwell to execute the documents in question, or show cause why he should not be held in contempt of court for failure to do so, was in the nature of a civil contempt proceeding, as civil contempt is a sanction to enforce compliance with a court order. The law is quite clear in permitting the recovery of attorney's fees and costs incurred in the prosecution of contempt proceedings. *Frankel v. Moskovitz*, 503 S.W.2d 428, 434 (Mo.App.1973).

■■ Paragraph 25 of the settlement agreement states that if any party to the agreement were required to hire a lawyer to secure the performance of the settlement and prevailed in that endeavor, then

the prevailing party would be entitled to attorney's fees at a rate of not less than $75 an hour. Where remedial actions are taken by defendants as a result of plaintiff's motion to cite defendants for contempt, the plaintiffs are clearly prevailing parties and are entitled to attorney's fees and costs. *Tyler v. United States*, 602 F.Supp. 476, 479 (E.D.Mo.1984). Since Leona was a prevailing party, she was entitled to an award of attorney's fees and costs. The fact that George had "purged himself of contempt," as the trial court put it, has no bearing on that issue, since the fact remains that but for Leona's motion seeking a contempt citation against George, by reason of his refusal to execute the documents in question as he had agreed to do, the deeds in question would never have been executed and the settlement agreement would have been meaningless.

There is no dispute as to the value and amount of the attorney's fees for services performed by Leona's attorney. The trial court found that a reasonable attorney's fee for litigation of the motion in the amount of $2,385. However, $375 of that amount was earned relative to the supplemental hearing, which resulted in the trial court appointing the sheriff for the purpose of executing the documents Martin had failed and refused to execute, which leaves the sum of $2,010 due and owing Leona's attorneys for services performed in persuading George to execute the documents in question. Leona was entitled to an attorney fee award in the sum of $2,010 plus her costs.

The judgment of the trial court is reversed, and the cause is remanded to the trial court with directions to enter a new judgment consistent with this opinion.

HOLSTEIN, C.J., and CROW, P.J., concur.