ANTHONY P. GIANNETTI & others[1] *vs.* JOHN R. THOMAS & others.[2] No. 91-P-142. May 22, 1992. *Contempt. Practice, Civil*, Contempt, Attorney's fees.

When defendants' Rottweiler dogs escaped from their property and ran unleashed in the plaintiffs' neighborhood, the plaintiffs brought an action for civil contempt against the defendants in the Superior Court for violation of the terms of a preliminary injunction entered in a pending action. The injunction prohibited the defendants from allowing the dogs to leave their premises unless they were securely leashed. After a hearing, the judge found the defendants in contempt and imposed a prospective, coercive fine upon three of the defendants, payable to the Commonwealth. From the judgment of contempt, the plaintiffs appeal and claim that the judge erred: (1) in failing to award the plaintiffs their reasonable attorney fees as a matter of right and (2) in concluding that his discretion was limited to two alternative remedies, the imposition of a compensatory fine payable to the plaintiffs based on their actual damages plus an award of their reasonable attorney fees and the costs of this litigation or the imposi-

---

[1]Ellen Giannetti, Kristen Giannetti, Marie Giannetti, and Catherine Giannetti.
[2]Nancy B. Thomas, John Whyman, Gregory Whyman, Frederick C. Diamond, and Charles J. Cavallaro.

tion of a prospective, coercive fine payable to the Commonwealth. We conclude that the award of attorney fees lay within the sound discretion of the trial judge and that the judge erred in concluding his discretion was limited to either a compensatory or coercive order.

1. *Attorney fees*. The plaintiffs assert that an award of attorney fees and costs of the litigation is obligatory upon an adjudication of civil contempt. While there is no question that counsel fees and costs are allowable in determining a compensatory fine payable to the prevailing party in a civil contempt proceeding, *Lyon* v. *Bloomfield*, 355 Mass. 738, 744 (1969), *Manchester* v. *Department of Envtl. Quality Engr.*, 381 Mass. 208, 216 (1980), we have found no case in Massachusetts which holds that, upon an adjudication of contempt, attorney fees and costs of the ligitation must be awarded to the successful litigant. See *Coyne Industrial Laundry, Inc.* v. *Gould*, 359 Mass. 269, 277 (1971); *Darmetko* v. *Boston Hous. Authy.*, 378 Mass. 758, 763 n.7 (1979); *Manchester* v. *Department of Envtl. Quality Engr.*, 381 Mass. at 216; *Allen* v. *School Comm. of Boston*, 400 Mass. 193, 195 n. 1 (1987); *Rahman* v. *Federal Mgmt. Co.*, 23 Mass. App. Ct. 701, 704 (1987); *Arch Med. Assocs., Inc.* v. *Bartlett Health Enterprises, Inc.*, ante 404, 409 (1992). Contrast G. L. c. 215, § 34A (which provides that upon an adjudication of contempt in the Probate Court for failure to provide support for a wife and children there is a presumption that the plaintiff is entitled to reasonable attorney fees and expenses for initiation, resolution, and prosecution of the complaint for contempt). Instead, such an award appears to lie within the discretion of the trial judge. *Root* v. *MacDonald*, 260 Mass. 344, 362 (1927). *Grunberg* v. *Louison*, 343 Mass. 729, 736 (1962). *Coyne Industrial Laundry, Inc.* v. *Gould*, 359 Mass. at 277. This is in accord with the law of other jurisdictions. *G. & C. Merriam Co.* v. *Webster Dictionary Co.*, 639 F.2d 29, 41 (1st Cir. 1980); *United States* v. *Lynd*, 334 F.2d 13, 16 (5th Cir. 1964); *Berman* v. *Berman*, 232 Ga. 342 (1974); *Comet Cas. Co.* v. *Schneider*, 98 Ill. App. 3d 786 (1981); *In re Marriage of Nelson*, 408 N.W.2d 618, 622 (Minn. Ct. App. 1987); *Newell* v. *Hinton*, 556 So.2d 1037, 1043 (Miss. 1990); *Maxwell* v. *Maxwell*, 775 S.W.2d 576, 578 (Mo. Ct. App. 1989); See Annot., Allowance of Attorney Fees in Civil Contempt Proceedings, 43 A.L.R.3d 793 (1972 & 1991 Supp.), and cases collected therein. We conclude that an award of attorney fees and expenses of the litigation in civil contempt proceedings is a matter properly left to the sound discretion of the trial judge.

2. *Remedies in civil contempt proceedings*. The plaintiffs argue that the trial judge erred in concluding that he had to choose between a compensatory or a coercive order. We agree. His discretion was not so limited. He could impose either or both. *United States* v. *United Mine Workers*, 330 U.S. 258, 303-304 (1947)("[j]udicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes:

to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained").

In *Labor Relations Commn.* v. *Fall River Educators' Assn.*, 382 Mass. 465, 475-476 (1981), the Supreme Judicial Court, citing *United States* v. *United Mine Workers*, 330 U.S. at 303-304, held that both compensatory and coercive orders are appropriate remedies in civil contempt proceedings. In ruling for the first time that a prospective coercive fine payable to the Commonwealth was appropriate in that case, the Supreme Judicial Court noted that "[i]t is not beyond the authority of the judge to consider anew the question of imposing a compensatory fine in favor of the Commonwealth in this case." *Id.* at 484 n.14. We read that statement as an intimation that both coercive and compensatory orders may well be appropriate in the same case depending upon the circumstances. In any event, we conclude that the trial judge was incorrect in his assumption that he had to choose between two alternate remedies.

As a result, we vacate so much of the judgment as provides for a prospective fine and remand the case to the Superior Court where the trial judge, in his discretion, is to determine anew the appropriate remedy consistent with the principles set forth in this decision. The judgment is otherwise affirmed.[3]

*So ordered.*

*Mark C. O'Connor* for the plaintiffs.
*Richard C. Chambers* for the defendants.

---

[3]By our opinion, we do not mean to suggest that after reconsideration, the judge could not reach the same result.

