Lauriat, J.
The plaintiff, Kevin W. Kelleher (“Kelleher’’) has filed a Complaint for Contempt alleging that the defendant, Somerville Mayor Michael E. Capuano (“Capuano”), violated an injunction issued by this court on October 14, 1994 by appointing Deputy Chief Stephen Keenan (“Keenan”) as Acting Chief Engineer of the Ciiy of Somerville when Acting Chief Engineer John Gover retired. Capuano has now moved to dismiss the complaint for contempt, or in the alternative, for summary judgment. In support, Capuano contends that he has substantially complied with the Order where such compliance was possible. Kelleher opposes Capuano’s motion to dismiss and has cross-moved for summary judgment. For the reasons which follow, the defendant’s motion to dismiss is allowed. Accordingly, the plaintiffs cross-motion for summary judgment is denied.
BACKGROUND
On October 12, 1994, this court issued an injunction which ordered, inter alia, that “John Gover shall continue as Acting Chief Engineer of the City of Somerville.” (Order, ¶4.) On January 5, 1995, the injunction was continued in effect by the Appeals Court (Ireland, J.). On January 29, 1995, John Gover retired from the Somerville Fire Department. By letter dated January 27, 1995, Capuano appointed Keenan as Acting Chief Engineer. Kelleher contends that Capuano’s failure to request permission from the court to modify the Order prior to appointing a new Acting Chief Engineer constituted a violation of the Order.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.R 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991) and cases cited. The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
I
“Civil contempt is found where there is clear and undoubted disobedience of a clear and unequivocal command.” Allen v. School Committee of Boston, 400 Mass. 193, 194 (1987), citing Manchester v. Department of Envtl. Quality Eng’g., 381 Mass. 208, 212 (1980). “Noncompliance with a court order may be excused where compliance becomes impossible . . .” Commonwealth v. One 1987 Ford Econoline Van, 413 Mass. 407, 412 (1992).
Both parties acknowledge that, by its Order, the court did not intend to enj oin John Gover from retiring from the Somerville Fire Department, and that John Gover’s retirement made continued compliance with Paragraph 4 of the Order impossible. Both parties further agree that Capuano needed to appoint another individual to the position of Acting Chief Engineer. However, Kelleher contends that Capuano was required to seek a modification of the court’s Order prior to appointing Keenan to the position of Acting Chief Engineer.
Although Kelleher’s suggested course of action would have been technically preferred, Capuano’s actions in this matter constitute, at most, a de rrdnimus violation of the Order.[1] In compliance with the Order, Capuano has not made a provisional or permanent appointment to the position of Chief Engineer. (Order, ¶5.) Keenan holds the same “acting” position that was held by John Gover. While Keenan may not be Kelleher’s choice as a candidate for the position of Acting Chief Engineer, the court concludes that Keenan’s appointment does not affect the status quo pending the resolution of the dispute and does not prejudice any rights that Kelleher may gain on appeal. As Capuano contends, if Kelleher succeeds in his appeal and it is determined that he is entitled to sound and sufficient reasons for his non-selection, Keenan’s service as Acting Chief Engineer will not affect Kelleher’s putative rights. Accordingly, the defendant’s motion to dismiss the complaint for contempt is allowed.
ORDER
For the foregoing reasons, the defendant Mayor Michael E. Capuano’s Motion to Dismiss is ALLOWED. The defendant Mayor Michael E. Capuano’s Motion for Attorneys Fees is DENIED. The Plaintiff Kevin W. *422 Kelleher’s Cross-Motion for Summary Judgment and Motion for Costs are DENIED.

At the hearing, Kelleher’s counsel conceded that if Capuano had requested such a modification, she may not have opposed it.