COMMONWEALTH *vs.* KEVIN M. BLAKE. No. 94-P-1265. August 23, 1995. *Massachusetts Civil Rights Act. Abortion. Injunction. Contempt.*

Kevin M. Blake was convicted by a Superior Court jury of a violation of the Massachusetts Civil Rights Act (Act), G. L. c. 12, § 11J. The criminal episode from which the case arose was a blockade of an abortion clinic in the town of Brookline which occurred on the morning of September 8, 1992.

The relevant facts, although not agreed on, are not in dispute. On October 17, 1991, pursuant to G. L. c. 12, § 11H, the Attorney General obtained a permanent injunction in a civil action brought against three "right to life" groups[1] and sixty-six other persons, including the defendant. The defendant was ordered to refrain from trespassing or blocking access to any facility in the Commonwealth which provides abortion counselling or services and to stay clear of anyone entering, leaving or seeking to obtain clinical services. On the occasion in question, the defendant was found chained beneath a station wagon which obstructed the front entrance to the clinic: each tire was deflated. It took about four hours for members of the town's fire department, utilizing welding equipment, to extricate the defendant and another protestor. Both were arrested and taken from the scene.

1. On appeal, the defendant contests his conviction as being unwarranted by the evidence. He claims in particular that the evidence was not sufficient to show, as alleged in the indictment, that he violated the injunctive order issued October 28, 1991. That order was identical in substance to the October 17 permanent injunction except for the additional proviso that, pursuant to G. L. c. 12, § 11J, the judge authorized the police to verbally notify any defendant, who may not have received in-hand service. This would insure that potential violators had actual notice of the prohibited activity.[2] The gist of the defendant's argument is that the arresting officer mistakenly read the defendant the order dated October 17 which did not contain the verbal notice provision and that was fatal to obtaining the contempt conviction. His argument is misplaced.

The elements of criminal contempt do not include proof of the defendant's knowledge of the method of service of the order. The slight gaffe of the arresting officer in reading the October 17 order did not prejudice the defendant. The substance of both orders was the same and the defendant had actual notice that his conduct would violate the order. The judge put the case to the jury essentially in those terms. The video tape of the de-

---

[1]Operation Rescue; Feminists for Life of Massachusetts; and Pro-Life Action Network of Arlington.

[2]General Laws c. 12, § 11J, inserted by St. 1985, c. 619, provides, in pertinent part, "*Unless otherwise ordered by the court* service shall be by delivering a copy in hand to the defendant" (emphasis added). A copy of the permanent injunction dated October 17 was never introduced into evidence at trial, but the parties have included that order as part of the record on appeal.

fendant's position at the time of the arrest was shown to the jury and the permissible inferences therefrom were sufficient under the standard enunciated in *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979). See and compare *Commonwealth* v. *Brogan*, 415 Mass. 169, 171 (1993), citing *Furtado* v. *Furtado*, 380 Mass. 137, 145 (1980).

2. The judge properly charged the jury that "if you are barricaded in, or locked together with others, and otherwise unable to move because of your own devices, that is no lawful defense . . . ." Nothing in the evidence raised the defense of impossibility. It was within the defendant's power to avoid violation of the order prior to placing himself underneath the vehicle which blocked the entrance. "Inability to comply with an order is ordinarily a complete defense to a charge of contempt. An exception exists when the person charged is responsible for the inability to comply." *United States* v. *Asay*, 614 F.2d 655, 660 (9th Cir. 1980), and cases cited. *Allen* v. *School Comm. of Boston*, 400 Mass. 193, 195 (1987).

*Judgment affirmed.*

*Paul M. Freitas* for the defendant.
*John P. Corbett*, Assistant District Attorney, for the Commonwealth.