ANTHONY M. VENTRESCA vs. TOWN MANAGER OF BILLERICA
& another.[1]

No. 05-P-1470.

Middlesex. November 10, 2006. - January 12, 2007.

Present: KANTROWITZ, MCHUGH, & GREEN, JJ.

*Practice, Civil,* Attorney's fees, Contempt.

In a contempt proceeding arising in a civil action, it was impermissible for the judge to award partial attorney's fees to the nonprevailing party. [65-66]

CIVIL ACTION commenced in the Superior Court Department on June 30, 2004.

A complaint for contempt, filed on December 8, 2004, was heard by *Paul A. Chernoff,* J., and a motion to alter or amend the judgment was also heard by him.

*Gary S. Brackett (Heather C. White* with him) for the defendants.

*J. Edward Surette, III (James M. Curley* with him) for the plaintiff.

KANTROWITZ, J. We are faced here with the issue whether a judge, in a contempt proceeding, may award partial attorney's fees to the nonprevailing party. Under the facts and circumstances of this case, it was impermissible to do so, and we reverse that portion of the amended judgment.

The underlying action concerns an unfortunate and high level of hostility between the plaintiff, Anthony M. Ventresca, and the town of Billerica (town), more particularly its police chief, its town manager,[2] and the chair of the board of selectmen. As characterized by the judge, "Underlying this contempt action is a public records request which stems from disputes with the

---

[1]Police chief of Billerica.

[2]The police chief and the town manager may be referred to collectively as the defendants.

town over water pumping activity from the plaintiff's residential property to the street and the refusal of the town to grant him a street opening permit for gas until resolution of the first situation. These disputes have engendered harsh feelings, mutual distrust, and a resolve not to work cooperatively."

*Background.* Upset with the town's actions regarding the permit, the plaintiff filed a complaint pursuant to the Public Records Act, see G. L. c. 66, § 10, against various town officers seeking documents said to be related to these matters. Those officers did not exert themselves unduly responding to the plaintiff's requests, which resulted in the plaintiff filing various motions. In the end, three different Superior Court judges became involved, the first issuing written orders and the second issuing oral orders, requiring the defendants to produce various documents and make certain affirmations under oath.[3] Claiming that the defendants failed to honor those orders, the plaintiff filed the present complaint for contempt, heard by the third judge.

The contempt hearing resulted in findings that (1) the orders in question were to some extent ambiguous; (2) both defendants more or less complied with those orders (albeit not with the good grace or the efficiency they might have); and (3) neither defendant intended to violate any of the orders. Accordingly, the judge declined to hold either defendant in contempt. This decision is not being appealed.

Despite his ruling, the judge ordered each defendant to pay $5,000[4] towards the plaintiff's legal fees.[5] The assessment was,

[3]On October 29, 2004, the plaintiff filed a motion to compel the defendants to appear for depositions because of their alleged noncompliance with the first judge's order and their noncooperation in scheduling depositions. The defendants filed their opposition and a cross motion for a protective order under Mass.R.Civ.P. 26(c), as amended, 423 Mass. 1401 (1996). On November 10, 2004, the second Superior Court judge denied the plaintiff's motion, and allowed the defendants' motion for a protective order provided that they supplement their earlier affidavits. On December 8, 2004, still dissatisfied with the supplemental affidavits of the defendants, the plaintiff filed the contempt complaint at issue here.

[4]The original amount assessed was $5,000 against the police chief and $7,500 against the town manager (with the town ultimately assuming responsibility for payment). On the defendants' motion to alter or amend judgment, the judge reduced the amount assessed against the town manager to $5,000.

[5]In ruling on the defendants' motion for a new trial, the judge stated that

the judge continued, "an attempt to order partial compensation to the plaintiff for attempting to enforce an Order of the Court where the defendants did not act responsibly in complying with the Order nor did they act responsibly by [not] seeking clarification or amendment of the Order."[6] It appears that the award ordered was akin to a discovery sanction under Mass.R.Civ.P. 37, as amended, 423 Mass. 1406 (1996),[7] with the judge finding that the defendants behaved badly and unnecessarily raised the plaintiff's legal fees.[8]

"there is no question in the Court's mind that the value of the services rendered by the plaintiff's counsel in pursuing the documents and tapes ordered by the two motion[] judges far exceeds the Court's assessment of costs. Had this Court found the defendants to be in contempt of a Superior Court Order, it would have assessed costs based on the fair market value of each and every hour reasonably devoted to the pursuit of this matter by plaintiff's counsel."

[6]The police chief, through the town's attorney, did not seek clarification and direction from the first judge when he and his staff realized it would take hundreds of hours of staff time to comply with the court order. The police authorities also kept the plaintiff and his attorney waiting for a meeting at the police station for nearly ninety minutes and caused them to wait for an additional two hours for copies of police logs which could have been viewed in a fraction of the time on a computer screen as had been requested initially. The town manager, who was responsible for retrieving the requested public records from various town departments and producing them to the plaintiff, only retrieved and produced records from his own office. Furthermore, he did not seek clarification or amendment of the first judge's order upon realizing it was not feasible for him as the town manager to collect documents maintained by other town departments.

[7]Rule 37 of the Massachusetts Rules of Civil Procedure, as amended, 423 Mass. 1406 (1996), detailing possible sanctions for failure to make discovery, has five sections, two of which we note. Rule 37(a)(4) reads: "If the motion [to compel discovery] is granted, the court may, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." Rule 37(b) discusses the types of sanctions available, including an award of attorney's fees.

[8]In his memorandum and order, the judge stated, "[The second judge's] rulings appear to involve a discovery ruling rather than injunctive relief. The turning over of documents here more approximated discovery since it was intended to avoid the necessity of the prayed for deposition. Contempt sanctions for a discovery breach are an exceptional remedy and are not appropriate [for] consideration under the facts of this case."

The defendants appeal. Although they take issue with some of the judge's findings — particularly those relating to their less than eagerly cooperative attitudes — the main issue is whether the judge could make any fee award to the plaintiff in the context of the contempt proceeding.

*Discussion.* We recognize at the outset that had the judge made a finding of contempt, the answer would be simple: such an award would be entirely proper. See *Demoulas* v. *Demoulas Super Mkts., Inc.*, 424 Mass. 501, 571 (1997) (*Demoulas*). Similarly, if this had been a hearing to compel discovery or one requesting sanctions for a failure to produce required discovery, and had the judge found a violation, once again, an award of fees would have been permissible.[9] See Mass.R.Civ.P. 37; *Campana* v. *Directors of the Mass. Hous. Fin. Agency*, 399 Mass. 492, 503 (1987).

"As matter of law, the awarding of attorney's fees and costs is an appropriate element of a *successful* civil contempt proceeding" (emphasis supplied).[10] *Demoulas, supra.* See *Giannetti* v. *Thomas*, 32 Mass. App. Ct. 960, 961 (1992) ("there is no question that counsel fees and costs are allowable in determining a compensatory fine payable to the prevailing party in a civil contempt proceeding"). See also *Eldim, Inc.* v. *Mullen*, 47 Mass. App. Ct. 125, 130 (1999). The purpose is to compensate a successful plaintiff for his "legal expenses and costs incurred as a consequence of the defendant's violation of the court order." *Demoulas, supra.*

As the plaintiff was not successful in his suit, it follows that an award of partial attorney's fees was not appropriate. The sine qua non for most fee awards is success.[11] See Mass.R.Civ.P. 54(d), as appearing in 382 Mass. 821 (1980); *Herbert A. Sulli-*

---

[9]The complaint for contempt was brought under Mass.R.Civ.P. 65.3, as appearing in 386 Mass. 1244 (1982); as that rule commands, judgment entered under Mass.R.Civ.P. 58, as amended, 371 Mass. 908 (1977). Needless to say, the plaintiff tactically had the option to proceed under rule 37.

[10]"In order to constitute contempt, there must be, in addition to a clear and unequivocal command, an 'equally clear and undoubted disobedience.' " *Demoulas* v. *Demoulas Super Mkts., Inc.*, 424 Mass. at 567, quoting from *Nickerson* v. *Dowd*, 342 Mass. 462, 464 (1961).

[11]While there is limited authority for the awarding of attorney's fees to a plaintiff who is unsuccessful in a contempt action, such an award is limited to "rare and egregious cases." *Police Commr. of Boston* v. *Gows*, 429 Mass. 14,

*van, Inc.* v. *Utica Mut. Ins. Co.*, 439 Mass. 387, 397 (2003) (discussing the "American Rule").[12] A contempt proceeding is not subject to different rules. In this case, the judge made no contempt finding; nor did he order the defendants to do, or to refrain from doing, anything. In other words, and outside of the fee award itself, because the amended judgment does not appear to have adjusted the parties' existing legal relationship in any meaningful way, the plaintiff cannot be characterized as a "successful" or "prevailing" litigant to whom a fee award might be made. See generally *Newell* v. *Department of Mental Retardation*, 446 Mass. 286, 297-298, cert. denied, 127 S.Ct. 158 (2006) (discussing "prevailing party" under Federal fee-shifting statutes).

*Conclusion.* That the defendants behaved badly is apparent, and it was an understandable motivation for the judge to award attorney's fees to the recipient of that behavior. Unfortunately, that impulse does not translate into a legally supportable fee award. As such, his decision ultimately was beyond his authority.

So much of the amended judgment as assesses costs to the defendants is reversed. In all other respects, the amended judgment is affirmed.

*So ordered.*

---

17-20 (1999). See *Krock* v. *Krock*, 46 Mass. App. Ct. 528, 531 n.2 (1999), citing *Police Commr. of Boston* v. *Gows, supra* at 17-19 ("fees may be awarded to a party who is forced to litigate to obtain what had previously been awarded by a court even though the opposing party's conduct does not constitute contempt"). This standard was not met here, given the judge's determination that the conduct of the defendants was "characterized by neglect" and was "insensitive, inadvertent, and inattentive."

[12] "As a general rule in Massachusetts, a litigant must bear his own expenses including attorney's fees, except where a statute permits the award of costs, a valid contract [or] stipulation provides for costs, or rules concerning damages permit[] recovery." *Judge Rotenberg Educ. Center, Inc.* v. *Commissioner of the Dept. of Mental Retardation (No. 1)*, 424 Mass. 430, 468 (1997). Concerning the exceptions, see *Preferred Mut. Ins. Co.* v. *Gamache*, 426 Mass. 93, 95-97 (1997) (establishing duty to defend). Contrast *Wilkinson* v. *Citation Ins. Co.*, 447 Mass. 663, 671-675 (2006) (exception not extended to duty to indemnify); *Franchi* v. *Stella*, 42 Mass. App. Ct. 251, 259 (1997) ("['American Rule'] does not apply when a party's negligence [or other tortious conduct] requires the plaintiff to bring an action against a third party"); *Krock* v. *Krock, supra* at 533 (legal fees and costs allowed pursuant to G. L. c. 208, § 38).