NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1309

PAUL CHESLER

vs.

VICTORIA IVANOVA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The mother, Victoria Ivanova, appeals from a Probate and Family Court modification judgment that gave the father, Paul Chesler, sole legal custody of the parties' daughter and terminated the father's obligation to pay child support.  The mother also appeals from a separate judgment that found the father not guilty of contempt for his previous failure to pay child support.  We affirm both judgments.

Background.  After a brief relationship between the parties, the child was born in 2010.  The father obtained adjudication of his paternity in 2011.  The trial judge found the parties' difficulty in communicating created a risk that, if the mother were granted sole legal custody, she would allow the

father only whatever input into the child's life she believed was appropriate, and that she would attempt to control his parenting time. The trial judge thus ordered a paternity judgment giving the parties joint legal custody, with primary physical custody to the mother, substantial parenting time for the father, and a requirement that he pay child support.

In late 2021, the mother filed a complaint for contempt alleging, as relevant here, that the father had failed to pay child support. Shortly thereafter, the father filed a complaint for modification of the paternity judgment, alleging that changed circumstances warranted giving him legal custody and primary physical custody of the child. He also sought elimination of his child support obligation.

After a two-day trial in 2023, a different judge found changed circumstances, described further infra, and entered a modification judgment granting the father sole legal custody and ordering shared physical custody with the parties having approximately equal parenting time. The judge also terminated the father's child support obligation, while preserving existing arrears. The judge issued a thorough rationale and, subsequently, 101 findings of fact. The judge also entered judgment for the father on the mother's contempt complaint, finding as relevant here that, although child support had not been current, the father's nonpayment was "not found to be

2

willful [but] due to unemployment and lack of income."  The judgment was silent on the issue of attorney's fees.  The mother appealed from both judgments.

1.  Modification judgment.  We review a modification judgment (1) to determine whether the factual findings are "'clearly erroneous,' giving 'due regard . . . to the opportunity of the trial court to judge of the credibility of the witnesses,' Mass. R. Dom. Rel. P. 52 (a) (2008)"; (2) for "errors of law"; and (3) for abuse of discretion.  Pierce v. Pierce, 455 Mass. 286, 293 (2009).  "The standard of review reflects substantial, but not unlimited, deference to the judge who saw the witnesses and heard the evidence."  Id.  We address in order the modification judgment's changes in legal custody and in child support.

a.  Legal custody.  Modification of the custody provisions of an existing paternity judgment may be ordered if a judge "finds that a substantial change in the circumstances of the parties or the child has occurred and finds modification to be in the child's best interests."  G. L. c. 209C, § 20.  Here, the judge ruled that both criteria were met.[1]

---

[1] Although the judge's rationale quoted the modification standard applicable to divorce cases, G. L. c. 208, § 28, on appeal neither party suggests that the result would be any different under G. L. c. 209C, § 20.  The mother's brief relies on the divorce standard.  In this decision we refer to the

3

He found that on four occasions between 2017 and 2021, the mother had become frustrated with the child and dropped her off for indeterminate stays with the father. On at least one of those occasions, over a period of eight days in September and October 2021, the mother made no effort to have contact with the child or the father and ceased responding to texts from either of them. The judge found the mother's explanation -- that the father had blocked the child's telephone -- not to be credible. The mother also made statements to the child suggesting that the mother was going to leave her and return to the mother's native country. And she "sent the child an ultimatum about where she would live and followed up with countdown texts," her explanation for which the judge again found not credible.

The judge further found that because of the parties' continuing difficulties in communicating with each other and making decisions together regarding the child, "shared legal custody is not appropriate." Although many of the parties' disputes had "fault on both sides," the judge found "troubling" the mother's lack of candor and her attempts to blame the father for her own poor decision-making. Under the original paternity judgment, the mother had been solely responsible for medical and dental care; the father told the mother it was a mistake not to

---

"substantial change in the circumstances" standard of G. L.
c. 209C, § 20.

4

take the child to the dentist, but the mother thought dental appointments were unnecessary. This resulted in the child's dental health being "nothing short of disastrous," including "roughly a dozen cavities," and required the father to arrange for the child to have a root canal, extractions, and other restorative procedures. The father "was also the moving force concerning getting the child needed therapeutic services and an educational evaluation."

For all of these reasons, the judge ruled that "since shared legal custody is not appropriate, the [c]ourt will grant sole legal custody of [the child] to the [f]ather, which the [c]ourt finds to be in her best interests. The [m]other shall continue to have the right to communicate with providers, to access information regarding the child, and to give input on major decisions concerning her." In addition, as mentioned, the judge ordered a parenting plan under which the parties would have approximately equal time with the child.

On appeal, the mother argues that no change in circumstances sufficient to support a modification had occurred. She argues that the parties had always had communication difficulties, as recognized by the original trial judge, and that their parenting had not changed by the time of the modification trial.

5

What the mother's argument overlooks is that the consequences for the child had grown more serious over time. The father had to arrange dental care to remedy conditions resulting from the mother's position that, despite the father's urgings, dental visits were unnecessary. After the mother's actions in September and October 2021, the child stated that she wanted to die or run away, but the mother made no attempt to arrange mental health care for the child; the father did so. Even if one took the view that the parents' own circumstances had not changed over time, modification is justified where a judge finds "a substantial change in the circumstances of the parties or the child has occurred and finds modification to be in the child's best interests" (emphasis added). G. L. c. 209C, § 20.

The mother's argument also overlooks that parents' "continued inability to communicate," as illustrated by significant and recent incidents, may itself constitute a "material and substantial change in circumstances" supporting a conclusion that it is "in the child's best interests to grant [one parent] sole legal custody." Macri v. Macri, 96 Mass. App. Ct. 362, 370 (2019). In that case, we rejected one parent's argument that "there was no material change in circumstances because the parties' communication issues already existed at the time of the [original] judgment," id., under which the parents

6

had joint legal custody. Id. at 363. Instead, we held, a judge "permissibly found that the parties' ongoing conflict had become contrary to the child's best interests [in the intervening years], thus warranting a modification of legal custody." Id. at 370. The mother offers no reason why Macri should not apply here.

The mother also argues that the judge "placed all the blame on [her] for the troubles the parents encountered." We cannot agree. The judge referred to both parties as "not respectful of each other's abilities," "unwilling[] to compromise," and responsible for "significant actions to increase the acrimony in this matter." But he found that the mother's conduct was particularly damaging to the child's best interests and that the father had taken steps to remedy the resulting harm.

Finally, the mother suggests that the award of sole legal custody to the father infringed, without sufficient justification, on her fundamental parental right to be involved in decisions affecting the child's education and religious upbringing. But, as the mother acknowledged at oral argument, she made no such claim to the judge. The issue is therefore waived. See Albert v. Municipal Court of Boston, 388 Mass. 491, 493-494 (1983). In any event, the modification judgment provides that the father must inform the mother in advance of any major religious, educational, or medical decisions involving

7

the child, and certain other matters such as a change in school, in time for the mother to provide input.

Accordingly, we see no error of law or abuse of discretion in the judge's decision to grant the father sole legal custody.

b. Child support. A judgment providing "for support of minor children shall be modified if there is an inconsistency between the amount of the existing order and the amount that would result from application of the child support guidelines." G. L. c. 209C, § 20. "There shall be a rebuttable presumption that the amount of the order which would result from the application of the guidelines is the appropriate amount of child support to be ordered." Id. "If, after taking into consideration the best interests of the child, the court determines that a party has overcome the presumption, the court shall make specific written findings" addressing, among other things, the justification for departing from the guidelines. Id.

Here, the judge found that "the child support guidelines indicate a very small payment from [m]other to [f]ather when the parents equally share costs and parenting time. At trial, [f]ather did not seek to be paid support and the court finds that the best interest of this child is served by no child support order." The judge therefore terminated the father's

8

previous obligation to pay child support and did not enter any order that the mother pay child support to the father.

On appeal, the mother argues that the judge's findings were insufficiently specific, particularly with regard to the parties' incomes and expenses, to satisfy the requirements of G. L. c. 209C, § 20. For illustrative purposes, the mother includes as an addendum to her brief a child support guidelines worksheet, completed by her using income figures from the parties' trial financial statements, showing that the father should pay $128 per week in child support.

As the father's brief points out, however, the income figures do not account for the father's one-time signing bonus and the mother's annual (albeit variable) bonus. When the income figures are adjusted, the parties' incomes are nearly the same. Moreover, the mother's illustrative worksheet appears not to account for the fact that the modification judgment shifted responsibility for paying the child's health insurance premium from the mother to the father effective in 2024. At oral argument, the mother had no explanation for how, after considering those factors, application of the child support guidelines nevertheless should have resulted in an order that the father continue to pay child support.

Notably, the trial court docket shows that, in the two months before trial, the parties filed their own child support

9

guidelines worksheets, as well as proposed findings and orders. We would expect that if the judge's finding varied significantly and without basis from what the mother argued below was due, the mother would have included these items in her record appendix, yet she did not. It is "a fundamental and long-standing rule of appellate civil practice" that the appellant has an obligation "to include in the appendix those parts of the [record that] are essential for review of the issues raised on appeal." Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373 (1991), S.C., 411 Mass. 807 (1992).

In these circumstances, the mother has shown no clear error in the judge's finding that the child support guidelines indicate only a very small payment would be due from her to the father. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Marlow v. New Bedford, 369 Mass. 501, 508 (1976), quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). "It is the appellant's burden to show that a finding is clearly erroneous." Allen v. Allen, 86 Mass. App. Ct. 295, 298 (2014). The mother has not carried her burden here.

Therefore, accepting the judge's finding that the guidelines indicated only a small payment by the mother, the

10

judge departed from the guidelines only by relieving her of the obligation to pay that amount. Accordingly, although that departure was not supported by detailed findings as called for by G. L. c. 209C, § 20, the mother has shown no resulting prejudice from the absence of such findings. We see no basis to remand for further findings or otherwise to disturb the judge's determination that the father should no longer be required to pay child support.

2. <u>Contempt judgment</u>. The mother's challenge to the contempt judgment is that, although the father was found not guilty of contempt, the judge should nevertheless have awarded the mother her attorney's fees. She relies on the presumption for fees established by G. L. c. 215, § 34A, but her brief, in quoting that statute, omits critical language. The relevant sentence of the statute provides:

> "<u>In entering a judgment of contempt for failure to comply</u> <u>with an order or judgment for monetary payment</u>, there shall be a presumption that the plaintiff is entitled to receive from the defendant, in addition to the judgment on monetary arrears, all of his reasonable attorney's fees and expenses relating to the attempted resolution, initiation and prosecution of the complaint for contempt" (emphasis added).

G. L. c. 215, § 34A. The mother overlooks the emphasized language, which plainly limits the presumption to cases in which a defendant is found in contempt.

11

Recognizing that the judge found the father's previous nonpayment of child support not to be willful, the mother also suggests that caselaw makes a fee award proper "regardless of whether the defendant's actions were willful."  In one of the two cases she cites, however, the defendant was found in contempt, and the court commented that good faith was not a defense.  See Godard v. Babson-Dow Mfg. Co., 319 Mass. 345, 346, 349 (1946).  The other case she cites, although not a contempt action, cites an earlier decision recognizing that a fine imposed in a contempt proceeding may include the plaintiff's attorney's fees.  See Grunberg v. Louison, 343 Mass. 729, 736 (1962), citing Root v. MacDonald, 260 Mass. 344, 362 (1927).  But in Root, the court was discussing relief available against "the party in contempt."  Root, 260 Mass. at 362.  Root and Grunberg thus have no application here.[2]  Rather, the general rule is that where a plaintiff has not prevailed in a contempt proceeding, an award of the plaintiff's attorney's fees is not appropriate.  See Ventresca v. Town Manager of Billerica, 68 Mass. App. Ct. 62, 65-66 (2007).

> Modification judgment
>     affirmed.
>
> Contempt judgment affirmed.

---

[2] The father's request for appellate attorney's fees is denied.

By the Court (Sacks, Shin & Hershfang, JJ.[3]),

_Paul Little_

Clerk

Entered:  November 18, 2024.

---

[3] The panelists are listed in order of seniority.